1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY ALLEN,

                              Plaintiff,

        v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,

                              Defendant.

CASE NO. C23-5746 BHS

ORDER

THIS MATTER is before the Court on defendant Washington State Department of Corrections (DOC's) motion for partial judgment on the pleadings. Dkt. 5.

Plaintiff Gregory Allen was formerly incarcerated at Shelton, Washington. He claims he is disabled and that his disabilities required him to have a single cell in prison. He was instead placed in a double cell, and he was sexually assaulted. He alleges that the DOC failed to accommodate his disabilities, and that it extended his sentence by wrongfully depriving him of "good time" earned. Dkt. 1-3, ¶2.9. Allen filed an RCW Chapter 4.92 tort claim notice with the DOC and sued in Mason County Superior Court in August 2023. Dkt. 1-3.

1    Allen asserts a 42 U.S.C. § 1983 claim for violations of his Eighth Amendment

2    rights, alleging the DOC was deliberately indifferent to his medical needs. He alleges that

3    "the state is a 'person' subject to liability under Section 1983." *Id*. at ¶3.3. Allen also

4    asserts an Americans with Disabilities Act claim, a false imprisonment claim, a

5    Washington constitutional claim, and two negligence claims. *See* Dkt. 1-3.

6    The DOC moves for judgment on the pleadings as to Allen's § 1983 claim and his

7    state constitutional claim. Dkt. 5. It argues that the State (and its agency, the DOC) is *not*

8    a "person" for purposes of § 1983, and that Allen has not and cannot plausibly state a §

9    1983 claim against it. *Id*. at 3 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

10   (1989) (states are not "persons" subject to suit under § 1983)). It also seeks dismissal of

11   any Washington constitutional claim, arguing that the Washington Constitution does not

12   create a claim for money damages without the aid of augmentative legislation. Dkt. 5 at 3

13   (citing *Reid v. Pierce Cnty.*, 136 Wn.2d 195 (1998); *Sys. Amusement v. State*, 7 Wn. App.

14   516, 518–19 (1972)).

15   Allen's Response argues that he complied with the state law tort claims notice

16   provisions and sued in state court. He asserts that compliance with RCW 4.92 renders the

17   state liable just as any person would be for violations of the law. Dkt. 6 at 2. He argues

18   that "violation of 42 U.S.C. § 1983 is a civil personal injury action, or a tort." Therefore,

19   he argues, "allegations of violation of § 1983 is allegation of tortious conduct about

20   which the state can be sued for damages arising from, to the same extent as if it were a

21   private person or corporation." Dkt. 6 at 5. Allen contends that "person designation" for

22   purposes of § 1983 "was established when the case was perfected under RCW 4.92 and

1  filed in Mason County." *Id*. at 6. He characterizes the issue as "whether Washington

2  State's Tort Claim Statute when properly complied with conveys the status of a person in

3  any jurisdiction and any laws." *Id*. at 7.

4        Allen also asserts that the Tort Claims statute (RCW 4.92) *is* "augmentative

5  legislation" that not only permits claims for money damages based on violations of the

6  state constitution, but also "conveys 'person' status for all civil claims." Dkt. 6 at 4.

7        DOC replies that it is not subject to suit under § 1983 because it is not a person

8  under clear, well-established, and binding precedent, and that the state's waiver of

9  Sovereign Immunity under the Tort Claims Act does not change that analysis. Dkt. 7 at 2.

10        Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either

11  the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

12  cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

13  1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible

14  on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial

15  plausibility" when the party seeking relief "pleads factual content that allows the court to

16  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

17  Although the Court must accept as true the complaint's well-pled facts, conclusory

18  allegations of law and unwarranted inferences will not defeat an otherwise proper Rule

19  12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir.

20  2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A]

21  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

22  than labels and conclusions, and a formulaic recitation of the elements of a cause of

1   action will not do. Factual allegations must be enough to raise a right to relief above the

2   speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and

3   footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-

4   defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

5   550 U.S. at 555).

6           "Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6)

7   motion, . . . Rule 12(c) is functionally identical to Rule 12(b)(6) and the same standard of

8   review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen.*

9   *Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (internal quotation

10  marks omitted) (quoting *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir.

11  1989)); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal*

12  standard to a Rule 12(c) motion).

13          On a 12(b)(6) motion, "a district court should grant leave to amend even if no

14  request to amend the pleading was made, unless it determines that the pleading could not

15  possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal.*

16  *Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in

17  dispute, and the sole issue is whether there is liability as a matter of substantive law, the

18  court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

19          As an initial matter, Allen's claim that DOC "violated" § 1983 complaint is not

20  cognizable. "[O]ne cannot go into court and claim a violation of § 1983—for § 1983 by

21  itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights*

22  *Org.*, 441 U.S. 600, 617 (1979). It does not create any substantive rights. Section 1983 is

ORDER - 4

1    instead merely a vehicle for enforcing individual rights secured elsewhere, most typically

2    in the United States Constitution. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

3         Furthermore, Allen provides no authority for the proposition that a state statute

4    can make a state or its agencies "persons" for purposes § 1983—a federal statute. Nor is

5    there any authority supporting Allen's argument that whether the state is a "person" for

6    purposes of § 1983 depends on where the plaintiff initially filed his suit.

7         It is beyond debate that the state is not a "person" for purposes of § 1983. *Will*,

8    491 U.S. at 71; *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d

9    816, 824-25 (9th Cir. 2007); and *Doe v. Lawrence Livermore Nat'l Lab*, 131 F.3d 836,

10   839 (9th Cir. 1997). There are many other opinions all over the country so holding, and

11   Allen cites no case holding the contrary.

12        Allen's accurate assertion that the State waived sovereign immunity by removing

13   the case to federal court does not alter the conclusion that it is not a person under § 1983.

14   Nor does the state tort claim statute "establish" that the state "consented" to be a person

15   under federal law. Allen's § 1983 claim against the DOC (a state agency) is not plausible,

16   and Allen could not amend his complaint to cure that defect. DOC's motion for judgment

17   on the pleadings as to Allen's § 1983 claim against it is therefore **GRANTED**, and that

18   claim is **DISMISSED** with prejudice and without leave to amend.

19        Nor has Allen stated a plausible claim for money damages under the Washington

20   Constitution. He has cited no authority for the proposition that the Tort Claims Act was

21   intended to provide a claim for money damages based on a violation of the state

22   constitution, and the Court is aware of none. The DOC's motion for judgment on the

1  pleadings on Allen's Washington State constitutional claim is therefore **GRANTED**, and

2  that claim is **DISMISSED** with prejudice and without leave to amend.

3      This Order is not intended to preclude amendment to name as a defendant an

4  actual person who violated Allen's constitutional rights.

5      IT IS SO ORDERED.

6      Dated this 26th day of September, 2023.

7

8                                    _____

9                                    BENJAMIN H. SETTLE
                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22