UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY ALLEN, | CASE NO. C23-5746 BHS |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

This matter is before the Court on plaintiff Gregory Allen's motion for reconsideration, Dkt. 11, of the Court's Order dismissing with prejudice Allen's 42 U.S.C. § 1983 claim against the State of Washington, because the State is not a "person" for purposes of § 1983. Dkt. 9 at 5.

Allen argues, as he did in opposing the State's motion to dismiss, that Washington deemed itself a "person" for § 1983 purposes when it waived its sovereign immunity:

> The State of Washington has subjected itself and waived immunity under its own laws.
>
> Washington's Revised Code, Section 4.92.090 states that the State of Washington "shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person." This statute is "one of the

ORDER - 1

broadest waivers of sovereign immunity in the country" and makes the State presumptively liable for its alleged tortious conduct "in all instances in which the Legislature has not indicated otherwise." *H.B.H. v. State*, 429 P.3d 484, 497 (Wash. 2018) (quoting *Savage v. State*, 899 P.2d 1270 (Wash. 1995)) (internal quotation marks omitted).

Dkt. 11 at 2. Allen argues that Washington created a law holding itself out "to the same extend as if it were a private person." *Id*. at 3. Thus, he argues, Washington is also a person for purposes of § 1983. He argues this is true notwithstanding the Supreme Court's holding in *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), that Michigan was not a person for purposes of § 1983. Allen argues that Michigan's laws are "not as broad" as are Washington's. Dkt. 11 at 3.

This argument misapprehends the basis of the Court's Order, and the reasoning behind the overwhelming authority holding that, as a matter of *federal* law, a state is not a person for purposes of 42 U.S.C. § 1983.

This conclusion does not depend on sovereign immunity or on the scope of any state's waiver of sovereign immunity. *See Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) ("We need not reach the sovereign immunity issue because the State is not a "person" for purposes of § 1983[.]"). The United States Congress, not the Washington Legislature, determines whether a state is "person" for purpose of 42 U.S.C. § 1983. *Id*. (citing *Sable Communications of California Inc. v. Pacific Tel. & Tel. Co.,* 890 F.2d 184, 191 (9th Cir.1989) ("the Supreme Court concluded that Congress did not intend states to be subject to suit under Section 1983.")*; see also Jenkins v. Washington*, 46 F.Supp.3d 1110, 1114–15 (W.D. Wash. 2014) ("States, state agencies, and state officials sued in their official capacity are not persons under § 1983.").

ORDER - 2

Allen does not address these authorities, and his arguments are unpersuasive in light of them. The claim that Washington is a person for purposes of § 1983, while Michigan is not, does not make sense and would not be workable.

Allen cites no case holding that any state is a person for purposes of § 1983. He cannot, because a state is not, as a matter of well-settled federal law. His motion for reconsideration, Dkt. 11, is DENIED.

IT IS SO ORDERED.

Dated this 16th day of October, 2023.

BENJAMIN H. SETTLE
United States District Judge