UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY ALLEN, | CASE NO. 23-CV-5746 BHS |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS; and SGT. Jason Kaehler; and DOES 1-10, | |
| Defendant. | |

THIS MATTER is before the Court on defendant Washington State Department of Corrections' (DOC's) second motion for partial judgment on the pleadings. Dkt. 28.

Plaintiff Gregory Allen was formerly incarcerated at Shelton, Washington. He claims he is disabled and that his disabilities required him to have a single cell in prison. He alleges DOC failed to accommodate his disabilities and regularly infracted him for his "mental breakdowns and his insistence in being placed in single cell." Dkt. 21 at 3. He argues DOC extended his sentence by wrongfully depriving him of "good time" earned and placing him in solitary confinement for his infractions. *Id.* at 2–3.

ORDER - 1

Allen filed an RCW Chapter 4.92 tort claim notice with the DOC and sued in Mason County Superior Court in August 2023. Dkt. 1-3. He asserted claims against DOC under 42 U.S.C. § 1983 and the American with Disabilities Act (ADA), as well as a false imprisonment claim, a Washington constitutional claim, and two negligence claims. *Id.* DOC removed the case to this District.

DOC moved for partial judgment on the pleadings as to Allen's § 1983 and state constitutional claims. Dkt. 5. The Court granted the motion, dismissing both claims with prejudice and without leave to amend. Dkt. 9. The Court specified, however, that Allen could amend his Complaint to name an "actual person who violated Allen's constitutional rights" as a defendant. *Id.* at 6.

Allen amended his Complaint to assert a § 1983 claim against a new defendant, Sergeant Jason Kaehler. Dkt. 17. He seeks compensatory damages for all his remaining claims. *Id.* at 21.

DOC moves for partial judgment on the pleadings on Allen's state law claims. Dkt. 28. It argues that habeas or personal restraint petitions (PRPs) are the only way for Allen to collaterally challenge the conditions of his confinement. *Id.* at 6–8. It also contends Allen fails to establish the necessary elements for his false imprisonment, negligence, and IIED claims.

Allen responds that he does not "question[] the validity and length of his confinement," but rather seeks compensatory damages for the ADA violations he suffered. Dkt. 30 at 4–6, 7.

## I.   DISCUSSION

Federal Rule of Civil Procedure 12(c) allows a party to move the Court for a judgment on the pleadings. The standard applicable to a 12(c) motion for judgment on the pleadings mirrors that of a 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *Cafasso, U.S. ex. Rel. v. Gen. Dynamics C4 Sys. Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a

plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

A prisoner in state custody may only challenge the "'fact or duration of his confinement'" by federal habeas corpus or appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

In *Preiser*, three prisoners asserted a § 1983 claim based on allegedly wrongful confinement in segregation and their consequent loss of good time credits. 411 U.S. at 476–81. The Supreme Court held that a habeas action is the appropriate avenue for relief when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Id.* at 500.

In *Edwards v. Balisok*, the Supreme Court extended this holding to claims for "declaratory relief and money damages." 520 U.S. 641, 648 (1997). The plaintiff there alleged prison officials engaged in deceitful and biased conduct when it imposed 20 days of segregation and loss of 30 days of good time credit. *Id.* at 643, 647. The Court held the claim necessarily implied the invalidity of the punishment imposed, thus requiring a habeas action. *Id.* at 648.

Prospective injunctive relief, however, does not require a habeas action. *Id.* at 648. For example, in *Wilkinson*, the defendants sought to "render invalid the state procedures used to deny parole eligibility . . . and parole suitability." 544 U.S. at 82. The Court held this relief did not implicate the validity of the defendants' conviction or sentence, so their claims were cognizable under § 1983. *Id.*

1    In short, "a state prisoner's § 1983 action is barred," and a federal habeas action is
2 the only remedy, "no matter the relief sought (damages or equitable relief) . . . *if* success
3 in that action would necessarily demonstrate the invalidity of confinement or its
4 duration." *Wilkinson*, 544 U.S. at 81–82.

5    In Washington, the appropriate remedy for a collateral challenge to unlawful
6 restraint is a personal restraint petition (PRP). *See* Rules of Appellate Procedure (RAP)
7 16.3(a); CrR 7.8(c). Through a PRP, a defendant may challenge a "prison disciplinary
8 sanction," such as a "sanction of 10 days of cell confinement" and a loss of good time
9 credits. *Kozol v. Wash. State. Dep't of Corr.*, 185 Wn.2d 405, 407 (2016); *In re Pers.*
10 *Restraint of Parmelee*, 115 Wn. App. 273, 281 (2003).

11    Allen insists he does not need to bring a habeas action or PRP because his claims
12 do not challenge the validity and length of his confinement. Dkt. 30 at 7–8. The Court
13 disagrees.

14    Allen's state law claims necessarily implicate the validity of his conviction or
15 sentence. He challenges conditions of his solitary confinement and the loss of good time
16 credits, just as in *Preiser* and *Edwards*. Unlike the *Wilkinson* defendants, Allen does not
17 seek to prospectively change prison procedures. Instead, his damages claim is premised
18 on alleged DOC ADA violations, akin to the *Edwards* plaintiff's allegations of prison
19 misconduct. If successful, Allen's state law claims necessarily undermine the validity of
20 his solitary confinement and the subsequent loss of good time credit. His only remedy is a
21 habeas action or PRP. *Wilkinson*, U.S. 544 at 78, 81–82. State tort law claims are not the
22

appropriate mechanism for challenging the conditions of his confinement. *Id.* at 80. Allen's state law claims are not plausible on the face of his Complaint.

Because the imposition of solitary confinement and loss of good time credits underlies all of Allen's state law claims, DOC's second motion for partial judgment on the pleadings is **GRANTED**. Allen's state law false imprisonment, negligence, NIED, and IIED claims are **DISMISSED** with prejudice and without leave to amend. His § 1983 claim and ADA claim remain.

**IT IS SO ORDERED**.

Dated this 13th day of December, 2024.

BENJAMIN H. SETTLE
United States District Judge