THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

GREGORY ALLEN,

                Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

                Defendant.

No. 3:23-cv-05746-BHS

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**NOTED FOR**: October 1, 2025

Without oral argument

## I.      ARGUMENT

**A.    Allen's Argument Should be Rejected on its Merits.**

       **1.     Allen Fails to Show a Fact Issue as to Intentional Discrimination on His ADA Claim.**

Boiled down, Allen's argument regarding his ADA claim is that once a provider opines an inmate needs an "accommodation" – be it a single cell, a wheelchair, or something else – that determination is conclusive, irrevocable, and it violates both the Eighth Amendment and the Americans With Disabilities Act (ADA) for DOC, or any of its personnel, to change or deny it in the future. That is not the law, nor has it ever been. It is also at odds with Allen's admissions[1] as well as the testimony of his provider, Jennifer Meyers. Throgmorton Decl. ¶ 5, Ex. D at 45:4-12; 88:4-5 ("nothing on these HSRs are solidified. Its not a permanent decision by any means… [w]e're changing the medical equipment all the time").

---

[1] Dkt. 47 at 9 (conceding that HSRs "are not durable, and may be revoked by a qualified medical provider").

**STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 1**
**Cause No.: 3:23-cv-05746-BHS**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

Not every medical decision to change or modify an inmate's access to medical equipment represents actionable disability discrimination under the ADA. The discriminatory intent required to recover damages on an ADA claim cannot be based on mere speculation and conclusory allegations. *See Sherman v. Cnty. of Suffolk*, 71 F.Supp.3d 332, 347 (E.D.N.Y. 2014) (noting that while "[d]iscriminatory intent may be 'inferred from the totality of the circumstances, including… the historical background of the decision…; the specific sequence of events leading up to the challenged decision…; and contemporary statements by members of the decisionmaking body' … the plaintiff 'cannot rely solely on conclusory allegations of discrimination without any concrete evidence'") (internal citations omitted). Here, Allen offers no such evidence, nor does he identify any non-disabled inmates who were provided single-cell assignments as necessary to establish a damages claim under Title II. *See Segal v. Metro. Council*, 29 F.4th 399, 404 (8th Cir. 2022) ("in the public accommodation context, at the summary judgment stage, courts examine whether meaningful access was provided to a disabled individual by comparing the service provided to non-disabled individuals"). Absent such evidence, Allen alleges nothing more than inadequate medical treatment, which is insufficient to establish a damages claim under the ADA. *See*, *e.g.*, *Marlor v. Madison Cnty., Idaho*, 50 Fed. Appx. 872, 873 (9th Cir. 2002) (holding that denial of crutch tips sought by inmate did not state a claim under the ADA); *Moore v. Prison Health Servs.*, 24 F.Supp.2d 1164, 1167 (D. Kan. 1998) (granting summary judgment on amputee inmate's Title II claim that he was not provided adequate wheelchair); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (holding that ADA is not "violated by a prison's simply failing to attend to the medical needs of disabled prisoners" nor does ADA create a cause of action where a prisoner merely complains he "was not given special accommodation"); *Coleman v. Virga*, 2019 WL 2866724 at *10 (E.D. Cal. 2019) (granting summary judgment on inmate's claim that he was not accommodated with single-cell status due to purported mental health condition).

**STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 2**
**Cause No.: 3:23-cv-05746-BHS**

Allen's subjective belief that he was targeted for discriminatory conduct is insufficient to survive summary judgment. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996)). *See also McCully v. Am. Airlines, Inc.*, 695 F.Supp.2d 1225, 1242 (N.D. Okl. 2010) ("[u]nsupported allegations or feelings alone do not establish genuine issues of material fact" in an ADA claim). Because he offers nothing more, Allen's ADA claim should be summarily dismissed.

**2.       Allen Fails to Show Deliberate Indifference as Required to Recover Under § 1983.**

**a.       Allen Does Not Establish a Constitutional Violation on the Part of Sgt. Kaehler**

With respect to his § 1983 claim, Allen's speculation as to Sgt. Kaehler's knowledge or intent is likewise insufficient to establish the deliberate indifference required to defeat summary judgment. DOC records conclusively establish that Allen's HSR was changed by his care provider, Jennifer Meyers, PA:

**Department of Corrections**
WASHINGTON STATE

OFFENDER I.D. DATA: (Name, DOC#, DOB) ALLEN, Gregory L. 806649  9/1/1967

**HEALTH STATUS REPORT**  M5D07

| FACILITY WSP-Main | LIVING UNIT WSP-IMU-IMS | DATE 12/30/2020 |
|---|---|---|

HOUSING RESTRICTIONS/LIMITATIONS

ASSIGNMENT/WORK/TRANSPORTATION/ACTIVITY RESTRICTIONS/LIMITATIONS

DURABLE MEDICAL EQUIPMENT/SUPPLIES
Wheelchair ID:1  Remark: long distances
Expires: 12/29/2021

DIETARY NEEDS

ALLERGIES

OTHER

| HEALTH SERVICES PROVIDER (Stamp/Print and Initial) | DATE | ALTERNATE HEALTH SERVICES STAFF (Stamp/Print and Initial) | DATE |
|---|---|---|---|
| Meyers, Jennifer L | 12/30/2020 | | |

DISTRIBUTION:  Original: ☑ Health Record
Copy:  ☑ Offender        ☐ Control              ☐ Correctional Industries   ☐ Counselor/CUS   ☐ Dietary
         ☐ Education       ☐ Laundry/Clothing  ☐ Nursing                       ☐ Recreation        ☐ Shift Sergeant
         ☐ Supply Tech    ☑ Unit Sergeant      ☐ Other:                          ☐ Other:               ☐ Other:

**STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 3**
**Cause No.: 3:23-cv-05746-BHS**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

Throgmorton Decl. ¶ 7, Ex. F. Allen concedes he was not present for any conversation between Meyers and Sgt. Kaehler. Throgmorton Decl. ¶ 7, Ex. H at 97:21-100:24. His speculation as to what if anything was said between them is insufficient. *See Smith v. Fiedler*, 867 F.Supp. 832 (E.D. Wisc. 1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 101 S. Ct. 2392, 69 L.Ed.2d 59 (1981) in noting courts "will not infer an improper motive on the part of prison officials without some fact to support such an inference").

The only other evidence Allen offers in support of his claim against Sgt. Kaehler are his allegations regarding Kaehler's mannerisms. *See* Dkt. 49 at 7 (alleging Kaehler "ripped my HSR off the door" [and] "grabbed my wheelchair and as he was exiting my pod, he turned his head and smirked at me"). No corroboration supports these self-serving statements, and Allen cannot manufacture a genuine issue of fact merely by arguing that a jury could theoretically credit his version of events.[2] *Compare* Dkt. 47 at 11 *with Curry v. Boylan*, 2018 WL 6534495 (W.D. Wash. 2018) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L.Ed.2d 695 (1990) in noting "the purpose of summary judgment is 'not to replace bare allegations in a complaint with bare allegations in an affidavit or declaration'"); *Troupe v. Woods*, 2017 WL 1208025 (W.D. Wash. 2017) at *1, n.2 ("conclusory statements are not sufficient to overcome a summary judgment showing"). Allen's § 1983 claim should therefore be dismissed.

### b.    Sgt. Kaehler is Entitled to Qualified Immunity.

Even if Allen had provided sufficient evidence to establish deliberate indifference on the part of Sgt. Kaehler, he cites no case law placing Kaehler on notice that by removing his wheelchair under these circumstances, he would violate a well-established Eighth Amendment right. Indeed, even if Allen had sued the person who actually decided to change the conditions of his wheelchair use – PA Jennifer Meyers – what case law there is suggests the opposite. *See Hunt v. Pierson*, 730 Fed. Appx. 210 (5th Cir. 2018).

---

[2] Allen appears to concede this as well. *See* Dkt. 47 at 12 (arguing "[i]t is ALMOST a dispute of fact whether Allen's accounting of the events of December 30, 2020 happened as described") (emphasis in original).

STATE DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – 4
Cause No.: 3:23-cv-05746-BHS

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

In *Hunt*, an inmate sued prison medical staff for ordering the removal of his cane after his provider "observed him for mere seconds while he draped his cane on his wrist while obtaining water from the water cooler." *Id*. at 213. Hunt argued that given the provider's past treatment of him, her decision to "unreasonably [take] action without [first] assessing his physical condition or reviewing his medical records" constituted deliberate indifference in violation of the Eighth Amendment. *Id*. Despite the fact that the same provider re-authorized Hunt's cane four months later, the Court of Appeals affirmed the dismissal of his deliberate indifference claim, finding that Hunt's argument "sounds in negligence and not deliberate indifference." *Id*. at 214. The court noted that the provider "based her decision to remove [the] cane on her observations that Hunt was not using the cane as an assistive device," a determination that the court held stated a claim for medical malpractice or negligence "at best." *Id*. Because Hunt presented nothing more than "a disagreement over the type of medical care he received," the court affirmed the district court's dismissal, finding that Hunt did "not raise a cognizable § 1983 claim." *Id*. (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). The court went on to hold that, because Hunt did not demonstrate an Eighth Amendment violation, the provider was entitled to qualified immunity. *Id*. at 216.

Like Hunt, Allen claims his medical equipment was denied based upon Sgt. Kaehler's momentary observation of him standing and moving about his cell. Dkt. 49 at 5-6. Like Hunt, Allen alleges the denial of his medical equipment was wrongful because it was not preceded by an individualized assessment of his physical abilities, and like Hunt, Allen argues that the restoration of his medical equipment months later is evidence that the decision to remove it was wrongful in the first place. Dkt. 49 at 6. Like Hunt, Allen's argument "sounds in negligence and not deliberate indifference." *Id*. at 214. Because he presents nothing more than a disagreement over the type of medical care that he received, like Hunt, Allen does not raise a cognizable § 1983 claim." *Id*. *See also Franklin v. State of Or., State Welfare Div.,* 662 F.2d

**STATE DEFENDANTS' REPLY TO PLAINTIFF'S**
**RESPONSE TO DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT – 5**
**Cause No.: 3:23-cv-05746-BHS**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1337, 1344 (9th Cir. 1981) ("[a] difference of opinion between prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim").

The only difference between *Hunt* and this case is that Allen alleges PA Meyers made the decision to remove his wheelchair based on the reported observations of Sgt. Kaehler, rather than her own. That is a distinction without significance. Even if PA Meyers had changed Allen's HSR based on Sgt. Kaehler's observations, Allen cites no authority for the proposition that prison medical staff are not entitled to rely on observations of custody staff in determining medical restrictions, and courts have consistently held that custody staff are entitled to rely upon the professional judgment of medical personnel in removing medical equipment. *See*, *e.g.*, *Thompson v. Lampert*, 2004 WL 1673102 at *8 (D. Or. 2004) (finding removal of wheelchair ordered by medical staff did not state claim against custody staff for deliberate indifference); *Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995) (affirming summary judgment where "a reasonable jury could not conclude that … correctional officers exhibited deliberate indifference to [plaintiff's] medical needs by failing to return his wheelchair" after its removal was ordered by prison psychologist).

In any case, Allen cites no case law placing Sgt. Kaehler on notice that by removing his wheelchair in accordance with PA Meyers' changes to his HSR Kaehler would violate a clearly-established Eighth Amendment right. Absent such authority, like the provider in *Hunt*, Sgt. Kaehler is entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

**B.    Allen's Arguments Should be Rejected for Procedural Reasons.**

**1.    Allen Fails to Provide Sufficient Record Citations in Support of His Allegations.**

While Allen's brief is accompanied by his own lengthy declaration[3] (as well as that of his attorney) and a number of exhibits, it is not compliant with the Local Rules because it is devoid of proper record

---

[3] Though he does not dispute Dr. Paparozzi's credentials or expertise, Allen purports to rebut Dr. Paparozzi's report and opinions by way of his own lengthy narrative in his declaration. Dkt. 49. Setting aside the fact that neither Allen nor his

STATE DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – 6
Cause No.: 3:23-cv-05746-BHS

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

citations in support of his factual allegations. *See* LCR 10(e)(6) (requiring citations to page numbers for all legal authority and factual assertions). Allen's arguments should therefore be rejected.

The Court is not required to "scour the record" on Allen's behalf in search of issues of fact. *Stoyas v. Toshiba Corp.*, 734 F.Supp.3d 1000, 1004-05 (9th Cir. 2024) (quoting *Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir. 1996)). "Counsel have an obligation to lay out their support clearly." *Id*. at 1005. "The Court 'need not examine the entire file for evidence establishing a genuine issue of material fact, where the evidence is not set forth in the opposition paper with adequate references so that it could conveniently be found.'" *Id*. (quoting *Camen v. San Francisco Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001)).

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), district courts may grant summary judgment where the motion and supporting materials… show the movant is entitled to it. Fed. R. Civ. P. 56(e)(3). Because Allen's responsive materials do not raise his right to recover under any of his claims above a speculative level, and because DOC's moving materials demonstrate that it is clearly entitled to dismissal, Defendant DOC asks the Court to grant summary judgment and dismiss Allen's claims.

**2.      Allen Fails to Cite Any Case Law Establishing His Right to Recover.**

Just as he fails to provide record citations in support of his factual allegations, Allen also fails to cite legal authority in support of his arguments. *See*, *e.g.*, Dkt. 47 at 7 (offering no citation to authority in support of argument that "Allens (sic) damages arise from the willful and flagrant disregard of his medical treatment by DOC in violation of DOC Policy, Washington State Law, and Federal Law"); Dkt. 47 at 9

---

attorney are qualified to do so under Fed. R. Evid. 703, Allen's attempts to testify regarding, and characterize the contents of, records that he does not place before the Court is impermissible under Fed. R. Evid. 802 and Fed. R. Evid. 1007.

Moreover, absent a countervailing report from a qualified expert, Allen cannot create a genuine issue of fact merely by having his lawyer file a conclusory declaration unilaterally stating that Dr. Paparozzi's report is "disputed." Dkt. 48 at 1, ¶ 1. Accordingly, Defendant DOC moves to strike Allen's declaration and asks that it – and the commentary contained in his counsel's declaration – be accorded no weight.

**STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 7 Cause No.: 3:23-cv-05746-BHS**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

(offering no citation to authority for the notion that classification call-outs are "a prison service, program, or activity" under the ADA); Dkt. 47 at 10 (offering no citation to legal support in arguing "[i]t is without question that the denial of a right to use a medical device before being seen by a medical provider … is intentional discrimination"); Dkt. 47 at 11 (offering no factual or legal support for the conclusory argument that "Kaehler was deliberately indifferent to Allen because of rumor, gossip, and his own prejudice and myopic perception as to what a disability should or should not look like"). Indeed, outside of his "Standard of Review" section, Allen cites *not a single case* that supports *any* of his arguments, and the only statutory law he cites is the ADA itself and several irrelevant state statutes. Dkt. 47 at 7.

Instead, Allen contents himself with unpersuasive attempts to distinguish two cases relied upon by DOC: *Coleman v. Virga*, 2019 WL 2866724 (E.D. Cal. 2019) and *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124 (9th Cir. 2001). Dkt. 47 at 8-9. The former, however, unambiguously holds that refusing to grant single-cell status to inmates upon demand does not constitute improper exclusion from participation in, or denial of the benefits of, a prison service, program, or activity" for purposes of the ADA. *Coleman*, 2019 WL 2866724 at *10 (citing *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997)).[4] The latter merely establishes that the deliberate indifference standard applies to intentional discrimination claims under Title II of the ADA – a proposition Allen appears to concede. Dkt. 47 at 8. But as shown above, Allen does not demonstrate that the evidence he relies on meets that standard, so neither *Coleman* nor *Duvall* are of any help to him. Allen essentially ignores the remainder of the authorities DOC cites in support of its motion.

Just as it is not required to scour the record for evidence in support of Allen's factual claims, the Court is not required to do Allen's research for him to establish a legal basis for his claims. *See*, *e.g.*, *Cent.*

---

[4] Allen's attempt to distinguish *Coleman* on the basis that the inmate in that case sought single-cell assignment based solely on an alleged mental disability rather than a mental *and* physical disability as he claims is unavailing, since he provides no evidence or argument that his physical disability required a single-cell assignment independent of his alleged mental disability. Dkt. 47 at 8. Allen likewise provides no explanation for how *Coleman* is "actually supportive of [his] claims." *Id.*

**STATE DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – 8
Cause No.: 3:23-cv-05746-BHS**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

*Union High Sch. v. U.S.*, 2022 WL 17905314 at *3 (S.D. Cal. 2022) (noting "[i]t is not the court's role to do Plaintiff's legal research or to make legal arguments on Plaintiff's behalf" in case where the plaintiff "fail[ed] to cite a single case in support of its argument"); *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("judges are not like pigs, hunting for truffles buried in briefs"). Where a party fails to support its arguments with adequate citation to authority, courts may consider such arguments waived or abandoned. *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010). Here, because Allen does not support his arguments with citation to pertinent legal authority, the Court should reject them and grant summary judgment.

## II.   CONCLUSION

Notwithstanding Allen's protestations, this case is exactly what it appears: an angry former inmate seeking to misuse the ADA and the Civil Rights Act to profit off his years-old grievances with DOC and its personnel. Since he provides no evidence that either the ADA or the Eighth Amendment were violated, DOC asks the Court to grant summary judgment and dismiss Allen's remaining claims.

Dated this 1st day of October, 2025.

I certify that this memorandum contains 2,830 words, in compliance with the Local Civil Rules.

LAW, LYMAN, DANIEL, KAMERRER
& BOGDANOVICH, P.S.

MICHAEL J. THROGMORTON, WSBA #44263
Special Assistant Attorney General
Attorney for Washington Dept. of Corrections
  and Sergeant Jason Kaehler
2674 RW Johnson Rd., Tumwater, WA 98512
P.O. Box 11880 Olympia, WA 98508-1880
Phone: (360) 754-3480 Fax: (360) 357-3511
E-mail: mthrogmorton@lldkb.com

**STATE DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – 9**
**Cause No.: 3:23-cv-05746-BHS**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511*

## CERTIFICATE OF FILING & SERVICE

I certify, under penalty of perjury under the laws of the United States, that on this date, I caused to be electronically filed the foregoing document, and this Certificate of ECF Filing & Service, with the Clerk of the Court using the CM/ECF system as follows:

**Plaintiff's Attorney:**
John R. Bonin
Bonin Law, P.S.
P.O. Box 783
Shelton, WA 98584
johnbonin@johnbonin.com

DATED this 1st day of October 2025, at Tumwater, WA.

*/s/ Tam Truong*
Tam Truong, Legal Assistant

**STATE DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – 10
Cause No.: 3:23-cv-05746-BHS**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511*