UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY ALLEN, | CASE NO. 23-CV-5746 BHS |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS; and SGT. Jason Kaehler; and DOES 1-10, | |
| Defendant. | |

THIS MATTER is before the Court on plaintiff Gregory Allen's motion for reconsideration, Dkt. 55, of the Court's Order, Dkt. 53, granting defendants' motion for summary judgment, Dkt. 45. Allen's motion reiterates the claims and arguments he made on summary judgment, but his counsel has included 48 pages of exhibits he did not include in his summary judgment response. Dkt. 56.

The gist of his argument is that his ADA claim for a single cell to accommodate his mental disabilities is supported by the now-complete record, which demonstrates that some health care providers "supported his need for a single cell." Dkt. 55 at 8. Allen also

ORDER - 1

reiterates his claim that the DOC unreasonably limited his use of a wheelchair while he was housed in the IMU (because he would not accept other than a single cell in general population). He asserts that the ADA required DOC to accommodate his physical disability by providing a wheelchair notwithstanding prison policies on the use of wheelchairs in the IMU. Dkt. 55 at 9.

Allen argues he has evidence that defendant Kaehler knew of his need for a wheelchair, and discriminated against him by removing his wheelchair because of that need and because Kaehler did not like him. *Id*. at 10. He argues that this assertion is supported by the person who actually altered Allen's HSR, PA Myers, who did not remember changing the HSR or whether she discussed it with Kaehler. *Id*.

Motions for reconsideration are disfavored and will ordinarily be denied absent a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Local Rules, W.D. Wash., LCR 7(h)(1). A "manifest" error is one that is "plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Black's Law Dictionary* 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d

873, 880 (9th Cir. 2009). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

DOC and Kaehler respond that the Allen's "new" evidence is not a basis for reconsideration, as it was available to him for years and he failed to include it. Dkt. 60 at 3 (citing *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Calif.*, 649 F.Supp.2d 1063, 1070 (E.D. Cal. 2009) ("For purposes of a motion for reconsideration, evidence is not 'new' if it was in the moving party's possession or could have been discovered prior to the court's ruling."))

They also argue, persuasively, that Allen has not shown that the Court's determinations on his ADA single cell accommodation and wheelchair access claims against DOC were manifest error, or that it erred in concluding that Kaehler is qualifiedly immune from Allen's § 1983 claim against him. Dkt. 60.

The Court agrees on each point. The evidence is not new, and the ADA does not require the DOC to provide Allen a single cell. The person who altered his HSR, PA Meyers, is not a party. Allen has not cited a "robust consensus" of persuasive authority clearly establishing an unqualified right to a wheelchair in the circumstances he alleges, leaving Kaehler entitled to qualified immunity. *See* Dkt. 60 at 7. And, as defendants point out, Allen has yet to distinguish *Hunt v. Pierson*, 730 Fed. Appx. 210 (5th Cir. 2018).

Allen's motion for reconsideration, Dkt. 55, is **DENIED**. The case remains closed.

**IT IS SO ORDERED**.

1   Dated this 14th day of January, 2026.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4